**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF**

| | |
|---|---|
| HOA PHAT STEEL PIPE CO., LTD., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | Court No. 23-00248 |
| ) | |
| *Defendant,* ) | |
| ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE ) | |
| COMPANY; MARUICHI AMERICAN ) | |
| CORPORATION; SEARING INDUSTRIES; ) | |
| UNITED STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS INTERNATIONAL UNION, ) | |
| AFL-CIO, CLC; VEST INC., NUCOR ) | |
| TUBULAR PRODUCTS INC., ) | |
| ) | |
| *Defendant-Intervenors.* ) | |

| | |
|---|---|
| HOA PHAT STEEL PIPE CO., LTD., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | Court No. 23-00249 |
| ) | |
| *Defendant,* ) | |
| ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE ) | |
| COMPANY; MARUICHI AMERICAN ) | |
| CORPORATION; SEARING INDUSTRIES; ) | |
| UNITED STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |

| | |
|---|---|
| WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; VEST INC., NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) |
| *Defendant-Intervenors.* | ) ) ) |

| | | |
|---|---|---|
| HOA PHAT STEEL PIPE CO., LTD., | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| *v.* | ) ) ) | |
| UNITED STATES, | ) ) ) | Court No. 23-00250 |
| *Defendant,* | ) ) ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; SEARING INDUSTRIES; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; VEST INC., NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendant-Intervenors.* | ) ) ) | |

## **MOTION TO CONSOLIDATE**

Pursuant to USCIT Rules 7(b) and 42(a), Defendant-Intervenors Atlas Tube Inc., Bull Moose Tube Company, Maruichi American Corporation, Searing Industries, Vest Inc., the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and Nucor Tubular Products Inc. ("Defendant-

2

Intervenors") hereby move to consolidate *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Court No. 23-00248) with *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Court No. 23-00249) and *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Court No. 23-00250). Plaintiff Hoa Phat Steel Pipe Co., Ltd. ("Hoa Phat") and Defendant United States indicated by email on February 19, 2024 and February 26, 2024, respectively, that they oppose this motion.

As demonstrated below, each of these actions concern virtually identical factual circumstances and involve exactly the same legal claims and parties. They satisfy the standard for consolidation, and consolidation would promote judicial economy. The Court should therefore grant this motion to consolidate.

On August 4, 2022, the U.S. Department of Commerce ("Commerce") published initiation notices for simultaneous anticircumvention inquiries to determine whether imports of light-walled rectangular pipe and tube ("LWR") from Vietnam were circumventing antidumping and countervailing duty orders on LWR from Korea, Taiwan, and China. *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China*; *Certain Circular Welded Non-Alloy Steel Pipe From the Republic of Korea*; *Certain Welded Carbon Steel Standard Pipes and Tubes From India*; *Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan*; *Certain Circular Welded Non-Alloy Steel Pipe From Taiwan*; *Light-Walled Rectangular Pipe and Tube From the People's Republic of China*; *Light-Walled Rectangular Pipe and Tube From the Republic of Korea*; *Light-Walled Welded Rectangular Carbon Steel Tubing From Taiwan: Initiation of Circumvention Inquiries on the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 47,711 (Dep't Commerce Aug. 4, 2022).

Although Commerce's LWR anticircumvention inquiries concerned three different countries and their respective orders, and therefore necessarily have separate administrative records, the factual circumstances that gave rise to Hoa Phat's three appeals are virtually identical in each appeal. Specifically, Hoa Phat recounts an exchange of communications between itself and Commerce regarding extensions Hoa Phat sought for its questionnaire responses in all three inquiries, which shared a common set of deadlines. However, after receiving multiple extensions of time from Commerce, Hoa Phat failed to submit its questionnaire responses by their common deadline, and Commerce rejected Hoa Phat's responses as untimely. *See* Memorandum to File, *Light-Walled Rectangular Pipe and Tube from the People's Republic of China; Light-Walled Rectangular Pipe and Tube from the Republic of Korea; and Light-Walled Welded Rectangular Carbon Steel Tubing from Taiwan*; Circumvention Inquiries – Rejection of Hoa Phat Steel Pipe Co., Ltd. Response to Initial Questionnaire (November 17, 2022). Accordingly, the Statement of Facts in Hoa Phat's Complaint is nearly identical in each appeal, differing only in immaterial respects such as the underlying antidumping or countervailing duty order concerned and the specific manner in which Hoa Phat made certain submissions. For example, though the due date for all questionnaire responses was October 7, 2022, Hoa Phat alleges that it filed its complete one-day lag questionnaire response on October 8, 2022 in Court Nos. 23-249 and 23-250 and on October 10, 2022 in Court No. 23-248. *Compare* Complaint ¶ 23, Court No. 23-248 (ECF No. 6) *with* Complaint ¶ 23, Court No. 23-249 (ECF No. 6) *and* Complaint ¶ 23, Court No. 23-250 (ECF No. 6). In all other respects, the facts Hoa Phat alleges are identical. *Compare* Complaint ¶¶ 6-33,

4

Court No. 23-248 (ECF No. 6) *with* Complaint ¶¶ 6-33, Court No. 23-249 (ECF No. 6) *and* Complaint ¶¶ 6-33, Court No. 23-250 (ECF No. 6).

Likewise, Hoa Phat's legal claims are identical in each appeal. Hoa Phat alleges that Commerce abused its discretion by rejecting Hoa Phat's questionnaire responses as untimely and unlawfully applied facts available with an adverse inference on the basis of Hoa Phat's alleged untimeliness. *Compare* Complaint ¶¶ 34-43, Court No. 23-248 (ECF No. 6) *with* Complaint ¶¶ 34-43, Court No. 23-249 (ECF No. 6) *and* Complaint ¶¶ 34-43, Court No. 23-250 (ECF No. 6). Exactly the same legal claims are stated verbatim in each of the Complaints. Lastly, each action concerns the same parties.

USCIT Rule 42(a) provides that "{i}f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Defendant-Intervenors' motion for consolidation is well within this standard, as all three actions involve a nearly identical set of facts and identical questions of law. Further, as USCIT Rule 42(a) recognizes, the touchstone of consolidation is the avoidance of unnecessary cost or delay. *See Vicentin S.A.I.C. v. United States*, 324 F. Supp. 3d 1377, 1380 (CIT 2018) ("Consolidation may be appropriate when it promotes judicial economy or avoids inconsistent results . . . Where consolidation would not result in judicial economy or where dissimilar issues outweigh the common issues, consolidation is inappropriate."). Here, judicial economy would clearly be promoted by consolidating these actions, which share *all* issues in common. In contrast, maintaining Hoa Phat's three appeals as separate actions would result in wholesale duplication of arguments in briefing, unnecessarily burdening the Court.

\*    \*    \*

For the foregoing reasons, we respectfully request that the Court grant Defendant-Intervenors' motion to consolidate the above-captioned cases into *Hoa Phat Steel Pipe Co. Ltd. v. United States*, Consol. Court No. 23-00248.

    Respectfully Submitted,

    /s/ Jeffrey D. Gerrish
    Roger B. Schagrin
    Jeffrey D. Gerrish
    Nicholas Phillips\*
    **SCHAGRIN ASSOCIATES**
    900 Seventh Street, N.W., Suite 500
    Washington, D.C. 20001

    *Counsel to Atlas Tube Inc., Bull Moose Tube Company, Maruichi American Corporation, Searing Industries, Vest Inc., and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL CIO, CLC*

    \*Only admitted in New York.  Practice limited to matters before federal courts and agencies.

    /s/ Alan H. Price
    Alan H. Price
    Robert E. DeFrancesco
    Jake R. Frischknecht
    Kimberly A. Reynolds
    **WILEY REIN, LLP**
    2050 M Street, N.W.
    Washington, D.C. 20036

    *Counsel to Nucor Tubular Products Inc.*

Date: February 28, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE TIMOTHY M. REIF

| | | |
|---|---|---|
| HOA PHAT STEEL PIPE CO., LTD., | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UNITED STATES, | ) | Court No. 23-00248 |
| *Defendant,* | ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; SEARING INDUSTRIES; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; VEST INC., NUCOR TUBULAR PRODUCTS INC., | ) | |
| *Defendant-Intervenors.* | ) | |

| | | |
|---|---|---|
| HOA PHAT STEEL PIPE CO., LTD., | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UNITED STATES, | ) | Court No. 23-00249 |
| *Defendant,* | ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; SEARING INDUSTRIES; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, | ) | |

| | |
|---|---|
| ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; VEST INC., NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) ) |
| *Defendant-Intervenors.* | ) ) ) ) |

| | | |
|---|---|---|
| | ) | |
| HOA PHAT STEEL PIPE CO., LTD., | ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | Court No. 23-00250 |
| *Defendant,* | ) ) ) | |
| ATLAS TUBE INC.; BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; SEARING INDUSTRIES; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; VEST INC., NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendant-Intervenors.* | ) ) ) | |

## **ORDER**

Upon consideration of the Motion to Consolidate filed by Atlas Tube Inc., Bull Moose Tube Company, Maruichi American Corporation, Searing Industries, Vest Inc., the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers

International Union, AFL-CIO, CLC, and Nucor Tubular Products, Inc., all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** that *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Court No. 23-00248), *Hoa Phat Steel Pipe Co., Ltd v. United States* (Court No. 23-00249) and *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Court No. 23-00250) are hereby consolidated into *Hoa Phat Steel Pipe Co., Ltd. v. United States* (Consol. Court No. 23-00248).

**SO ORDERED.**

_____
Judge Timothy M. Reif
U.S. Court of International Trade

Dated: _____, 2024
          New York, New York