# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: **The Honorable Timothy M. Reif, Judge**

| | |
|---|---|
| **Hoa Phat Steel Pipe Co., Ltd,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| **United States,** ) | |
| ) | |
| *Defendant*, ) | **Court No. 23-00250** |
| ) | |
| **Atlas Tube Inc.; Bull Moose Tube Company; Maruichi American Corporation; Searing Industries; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC; Vest Inc., Nucor Tubular Products Inc.** ) ) ) ) ) ) ) ) | |
| ) | |
| *Defendant-Intervenors.* ) | |
| ) | |

## RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE

Hoa Phat Steel Pipe Co., Ltd. ("Hoa Phat"), the plaintiff in the above-captioned action, respectfully submits this response in opposition to defendant-intervenors motion to consolidate this case with Ct. Nos. 23-00248 and 23-00249. *See* Mot. to Consolidate, Feb. 28, 2024, ECF No. 31. As explained herein, Hoa Phat's position is that considerations of judicial economy weigh against consolidation of the three separate challenges.

Hoa Phat agrees with Defendant-Intervenors that the factual records of the three administrative proceedings are similar and that there will be significant overlap in the

legal arguments made in each of the three cases. The disagreement regarding consolidation arises from the import of the undisputed fact that each case reflects a separate factual record and a separate legal determination by the Department of Commerce.

The procedural considerations with blending records are non-trivial and there is a possibility that different remedies could arise in the separate cases, either as a result of differences in the factual record or later proceedings at the agency level. If a remand is ordered, the Department of Commerce would likely reconsider each determination separately. The Court has plenary powers to address these types of issues but relying on the default structure of proceedings before the Court will mitigate the need for the Court to tinker with the underlying procedures.

With respect to efficiency, Hoa Phat's position is that keeping the three cases separate will not significantly increase the burden on any party. The bulk of the work in these proceedings will be the legal research and writing surrounding the legal issues regarding the application of adverse facts available in the context of untimely submissions. The research, and likely some of the writing, will apply in each case and the time associated with preparing the differing discussions will be limited. This is why Hoa Phat proposed identical briefing schedules in each of the three cases.

As Defendant-Intervenors note, USITC Rule 42(a) provides that in situations where there are "common questions of law or fact, the court may: (1) join for hearing or trail any or all matters at issue in the actions; (2) consolidate the actions: or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation is, however, just one tool

in that tool box. Hoa Phat's position is that relying on the Court's other tools will actually achieve the desired efficiency. For example, the Court could join certain issues at oral argument without formally consolidating the underlying cases.

Ultimately, Hoa Phat does not believe that consolidation would be significantly less efficient. Hoa Phat takes the position that keeping the cases separate will not engender delay and will, in fact, preserve the efficiencies regarding the administrative record and remedies inherent in the default rules of the Court. Hoa Phat will defer to the judgment of the Court on this issue and does not believe that briefing would be necessary should the Court disagree with its position.

Respectfully submitted:

/s/ Daniel L. Porter

Daniel L. Porter
James C. Beaty
Katherine R. Afzal

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-452-7373

*Counsel for Hoa Phat Steel Pipe Co., Ltd.*

## UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: **The Honorable Timothy M. Reif, Judge**

| | |
|---|---|
| **Hoa Phat Steel Pipe Co., Ltd,** | |
| *Plaintiff*, | |
| v. | |
| **United States,** | |
| *Defendant*, | **Court No. 23-00250** |
| **Atlas Tube Inc.; Bull Moose Tube Company; Maruichi American Corporation; Searing Industries; United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC; Vest Inc., Nucor Tubular Products Inc.** | |
| *Defendant-Intervenors.* | |

### PROPOSED ORDER

Upon consideration of Defendant-Intervenors motion to consolidate and all of the other papers and proceedings, it is hereby:

**ORDERED** that the motion to consolidate (ECF No. 31) is **DENIED**

**SO ORDERED**

Dated: _____        _____
   New York, New York                         The Honorable Judge Timothy M. Reif, Judge