UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| HOA PHAT STEEL PIPE CO., LTD, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant, | Court No. 23-00250 |
| and | |
| ATLAS TUBE INC., BULL MOOSE TUBE COMPANY, MARUICHI AMERICAN CORPORATION, SEARING INDUSTRIES, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, VEST INC., NUCOR TUBULAR PRODUCTS INC., | |
| Defendant-Intervenors. | |

**DEFENDANT'S OPPOSITION TO**
**DEFENDANT-INTERVENORS' MOTION TO CONSOLIDATE**

Defendant, the United States, respectfully submits this response in opposition to the

motion to consolidate Court No. 23-00250 with Court Nos. 23-00248, and 23-00249 filed by

Defendant-Intervenors, Atlas Tube Inc., Bull Moose Tube Company, Maruichi American

Corporation, Searing Industries, Vest Inc., the United Steel, Paper and Forestry, Rubber,

Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO,

CLC, and Nucor Tubular Products Inc.  *See* Def.-Intervenor Mot. to Consolidate (Def.-Int. Mot),

ECF No. 31.  Consolidation is improper because each case involves a separate antidumping

order, a separate administrative record, and a separate administrative determination by the

Department of Commerce.  Therefore, Defendant-Intervenors' motion should be denied.

## ARGUMENT

I.      Legal Standard

Rule 42(a) of the Rules of the U.S. Court of International Trade permits consolidation

of cases "involving a common question of law or fact . . . to avoid unnecessary costs or delay."

The Court has "broad discretion" in deciding whether to grant consolidation of proceedings,

and this Court has found that it is inappropriate to consolidate proceedings where it is not in

the interest of "judicial economy."  *Manuli USA, Inc. v. United States*, 659 F. Supp. 244, 247-

48 (Ct. Int'l Trade 1987).

Further, consolidation would not be appropriate where it carries the "potential for an

unwieldy or chaotic proceeding."  *John S. Connor, Inc. v. United States*, 69 Cust. Ct. 305, 307

(1972).

II.     Consolidation Of These Proceedings Is Inappropriate And Contrary To The Interests Of
        Judicial Economy

Plaintiff, Hoa Phat Steel Pipe Co., Ltd. (Hoa Phat), filed three separate circumvention

actions in this Court—one for each administrative determination.  Consolidation of these actions

would complicate review, and therefore considerations of judicial economy weigh against

consolidation.  Each case involves a separate antidumping order, a separate administrative

record, and a separate administrative determination by the Department of Commerce.  By statute,

the Court reviews each determination and administrative record separately.  *See* 19 U.S.C.

§ 1516a(b)(1)(B).

That the contested administrative determinations are based upon three different

administrative records weighs against consolidation.  *Cf. Brother Indus., Ltd. v. United States*,

1 Ct. Int'l Trade 102, 103-04 (1980) (ordering consolidation where, among other things, "[t]he

court will be concerned with only one administrative record in both actions").  Consolidation

of cases involving distinct administrative determinations risks an impermissible conflation of record facts that would contravene the Court's review of a determination based solely upon the evidence in the underlying record. *See* 19 U.S.C. § 1516a(a)(2) ("Review of determinations on record"); 28 U.S.C. § 2635(b)(1).

Defendant-Intervenors acknowledge that the administrative records before the Court in each of the three suits are necessarily different but contend that any difference in facts concerning a common claim identified in each of the three suits is immaterial. *See* Def-Int. Mot. at 4, *see also* Complaint ¶ 23, Court No. 23-248 (ECF No. 6); Complaint ¶ 23, Court No. 23-249 (ECF No. 6); Complaint ¶ 23, Court No. 23-250 (ECF No. 6). Should the Court find that any factual distinctions are immaterial to the outcome of the case, then the Court can apply the same reasoning across each case without consolidating these actions. Thus, there is no "unnecessary costs or delay" that would be avoided by consolidating these cases.

Moreover, Defendant-Intervenors do not account for the relief that Hoa Phat seeks to obtain in this litigation—Hoa Phat asks that the Court hold Commerce's circumvention determination unlawful. If Hoa Phat were to prevail in its claims, then any remand might require that Commerce consider Hoa Phat's case-specific questionnaire responses that were rejected from the record of the challenged proceeding. Moreover, it is possible that the three separate cases could arrive at different outcomes. Therefore, consolidating these three cases risks "an unwieldy or chaotic proceeding" where it becomes difficult to recognize and preserve any factual distinctions that the parties or the Court may deem relevant as these suits progress. Such an outcome would not be in the interest of judicial economy and, therefore, we respectfully request that the Court conclude that consolidation is not appropriate in this instance.

## **CONCLUSION**

Consolidation is neither necessary nor appropriate here given the significant risk that record facts would be inappropriately commingled between the three separate administrative determinations at issue. Thus, we respectfully request that this Court deny Defendant-Intervenors' motion for consolidation.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL

s/ Kristin E. Olson
KRISTIN E. OLSON

JONZACHARY FORBES
U.S. Department of Commerce
Office of Chief Counsel for
Trade Enforcement and Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230-0001
Telephone: (240) 449-5906
Email: JonZachary.Forbes@trade.gov

Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Ben Franklin Station
P.O. Box 480
Washington, D.C. 20044
(202) 307-6299
kristin.olson@usdoj.gov

March 20, 2024

*Attorneys for the United States*